IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WILLIAM L. DAWSON                                                PLAINTIFF

V.                                                               CIVIL ACTION NO.
                                                                 2:09-CV-60-P-A

JANTRAN, INC. *In personam,*
and the M/V LELAND SPEAKES, *in rem*                             DEFENDANTS

**ORDER**

The plaintiff seeks an order striking the defendants' response to his motion for maintenance and cure or precluding the defendants from offering any defenses for its failure to pay maintenance and cure. Docket # 59. In support of this motion, the plaintiff, William Dawson, asserts that the defendants should not be allowed to file an answer to his motion for maintenance and cure because they have frustrated his discovery efforts. Docket # 60, p. 13. Dawson argues that the defendants' 30(b)(6) witness was unable to respond to his questions regarding investigation of a maintenance and cure claim and that he is entitled to this information. Docket # 60. Further, Dawson argues that he should be allowed to obtain the information gathered by the defendants' attorney, Tom Janoush. Docket # 60, p. 9.

The work product doctrine protects an attorney's thoughts, mental impressions, documents and other tangible and intangible items prepared in anticipation of litigation. *Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S.Ct. 385, 393 (1947). *See* Fed.R.Civ.P. 26(b)(3). The doctrine shields documents prepared by or for an attorney in anticipation of litigation. *Dunn v. State Farm Fire & Cas. Co.*, 927 F. 25 869, 875 (5th Cir. 1991); *See* Fed.R.Civ.P. 26(b)(3). In the Fifth Circuit, the doctrine can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the documents is to aid in possible future

litigation. *In re Kaiser Aluminum and Chemical Co.*, 214 F. 3d 586, 593 (5th Cir. 2000).

The court finds that the relief sought by plaintiff is excessive and unwarranted. Once litigation becomes imminent, any investigation is protected by the attorney work product doctrine. Dawson asserts that the defendants had constructive notice of a potential maintenance and cure claim when he left the boat complaining of chest pain. Docket # 70, p.2. If that is true,[1] then any investigation regarding such a claim is arguably protected from disclosure by the work product doctrine. Certainly any investigation conducted after this action was filed fell within the protections of the doctrine. The court will not punish the defendants for invoking a well-settled and important protection by striking their response or any available defenses.

The plaintiff further contends that the defendants cannot hide behind the attorney work product doctrine and that they should be punished for failing to produce a privilege log. Docket # 70, p.7-9. Although this argument strikes the court as being without merit,[2] the court has not been fully briefed by either party on this issue and declines to rule, at this time, on whether the defendants had a duty to produce a privilege log as described in L.U.Civ.R.26(a)(1)(C).

The plaintiff's motion to strike [docket # 59] is **DENIED**.

**SO ORDERED**, this the 13th day of May, 2010.

                                                 /s/ S. Allan Alexander
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Whether Dawson notified the defendants of his illness is a question of fact that will not be resolved in this Order.

[2] If this were the case, every case would require production of a privilege log, which would have to be supplemented regularly up until the day of trial. Such a requirement makes no logical sense in light of the underlying purposes of and philosophy behind the doctrine; it would appear to the court that it would become merely a "make-work" requirement with no real justification.